UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BENJAMIN JAMES MACHUL,

    Plaintiff,

vs.

STATE OF FLORIDA, *et al.*,

    Defendants.

Case No. 3:20-cv-78

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

### REPORT AND RECOMMENDATION[1] THAT: (1) *PRO SE* PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT PREJUDICE ON INITIAL REVIEW UNDER 28 U.S.C. §1915; (2) SERVICE OF PROCESS NOT ISSUE; AND (3) THIS CASE BE TERMINATED ON THE COURT'S DOCKET

---

This civil case is before the Court on *pro se* Plaintiff's complaint filed *in forma pauperis* ("IFP"). Doc. 2. In accordance with 28 U.S.C. §1915(e)(2), this Court must *sua sponte* perform an initial review and dismiss the complaint if it is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). In conducting this initial review, the Court accepts *pro se* Plaintiff's allegations as true and liberally construes them in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985).

**I.**

This civil case arises from a criminal proceeding in the Twelfth Judicial Circuit Court for Manatee County, Florida (hereinafter "the Florida state court") and the circumstances giving rise

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

thereto. *See* doc. 1-1. A review of the Florida state court's docket[2] reveals that, on April 20, 2018, school crossing guard Linda Byrd approached Palmetto, Florida police officer Lux (first name unknown) to report a suspicious vehicle that had been parked in a nearby park for approximately one week. Probable Cause Affidavit, *State v. Machul*, No. 2018-CF-1265 (Fla. Cir. Ct. Apr. 23, 2018), docket no. 1.

Upon locating the vehicle, Officer Lux noticed that is had a suspicious license. *Id*. While investigating the vehicle, Plaintiff, who was the vehicle's owner, approached Officer Lux and voluntarily provided him with a fictitious identification card purportedly issued by the Department of Travel in Washington D.C.[3] *Id*. It appearing Lux that the plate and identification were fictitious, forged, or counterfeit, Officer Lux arrested Plaintiff. *Id*. Following the arrest, Plaintiff alleges that Defendant Benjamin Schlabach, a police officer, searched his vehicle without a warrant and without his consent. Doc. 1-1 at PageID 11. The vehicle was thereafter towed and held by Matt's Towing and Recovery, Inc. ("Matt's Towing"). *Id*. at PageID 8.

On April 23, 2018, Plaintiff was charged with two felony offenses in the Florida state court: (1) possessing a counterfeit vehicle registration plate in violation of FLA. STAT. § 320.26(1)(a); and (2) possessing a fictitious identification card in violation of FLA. STAT. § 322.212(1)(a). Citation, *State v. Machul*, No. 2018-CF-1265 (Fla. Cir. Ct. Apr. 23, 2018), docket no. 4. Defendant Hillary Leigh Ellis was the state prosecuting attorney in the case. Doc. 1-1 at PageID 8. Defendant Amanda Davy, who Plaintiff alleges is a public defender, represented him in the criminal proceedings for a time. Doc. 1-1 at PageID 8. On November 6, 2018, Plaintiff entered a plea of

---

[2] In determining whether a pleading states a claim upon which relief may be granted, courts may consider matters of public record. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).
[3] The United States Department of Travel "is not an agency or department of the United States government." *Matthews v. United States*, No. 3:16CV00148, 2016 WL 2624974, at *3 (S.D. Ohio May 9, 2016), *report and recommendation adopted*, No. 3:16-CV-148, 2016 WL 3002429 (S.D. Ohio May 23, 2016).

*nolo contendere* to the charge of possessing a counterfeit license plate and was sentenced by Florida Circuit Judge Brian Iten, *inter alia*, to 12 months probation. Order of Probation, *State v. Machul*, No. 2018-CF-1265 (Fla. Cir. Ct. Nov. 15, 2018), docket no. 53. The court's docket in that case reflects that no appeal was taken from the court's final judgment entry, and that Plaintiff's probation was terminated on October 11, 2019. *Id*.

## II.

On February 28, 2020, Plaintiff filed this action against the State of Florida, Matt's Towing, Byrd, Lux, Schlabach, Davy, and Ellis. Doc. 1-1 at PageID 4. Plaintiff arguably asserts civil rights claims under 42 U.S.C. § 1983[4] alleging, *inter alia*, false arrest, false imprisonment and malicious prosecution.[5] Doc. 1-1 at PageID 8, 10-12. Plaintiff also complains that his former

---

[4] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Here, Plaintiff sets forth no specific allegations in his *pro se* complaint showing that Defendants Matt's Towing, Linda Byrd, or Amanda Davy are state actors. While Defendant Davy may have served as Plaintiff's state-employed public defender, "when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law . . . because he [or she] 'is not acting on behalf of the State; he [or she] is the State's adversary." *West v. Atkins*, 487 U.S. 42, 50 (1988) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 322 (1981)).

[5] Assuming, *arguendo*, that the Court could exercise personal jurisdiction over Defendants in this case, *see infra*, claims asserting false arrest, false imprisonment, and malicious prosecution under 42 U.S.C. § 1983 appear frivolous and subject to dismissal because Plaintiff's conviction on the underlying crime estops him from arguing that his arrest, imprisonment, and prosecution were unsupported by probable cause. *See Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988) ("We hold that the pleas in state court made by defendants and the finding of guilt and imposition of fines by that court estop plaintiffs from now asserting in federal court that the defendant police officers acted without probable cause"); *Gumble v. Waterford Twp.*, 171 F. App'x 502, 507 (6th Cir. 2006) (affirming dismissal of false arrest, false imprisonment, and malicious prosecution claims where the pleadings established probable cause); *Gorcaj v. Medulla*, 51 F. App'x 158, 159 (6th Cir. 2002) ("[A] section 1983 claim based on theories of false arrest, false imprisonment, and malicious prosecution stands on the Fourth Amendment and turns on the question of probable cause"). Similarly, such claims fail because Plaintiff cannot show that the underlying criminal proceedings resolved in his favor. *See Parker v. Phillips*, 27 F. App'x 491, 493 (6th Cir. 2001) (holding that, where a "prosecution ends in a conviction, [a plaintiff asserting false imprisonment and malicious prosecution claims] must have the conviction overturned on direct appeal or via collateral attack before any claims can accrue") (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Fannon v. Patterson*, No. 3:13-CV-14, 2014 WL 4273337, at *3 (S.D. Ohio Aug. 29, 2014) ("Section 1983 claims of false imprisonment and false arrest also 'turn[ ] on the question of probable cause' and resolution of criminal proceedings in plaintiff's favor"). The same appears true for corresponding tort claims asserted under Florida law. *See, e.g.*, *Hanney v. Garcia*, No. 8:13-CV-2928-T-36MAP, 2015 WL 1277991, at *8 (M.D. Fla. Mar. 20, 2015); *Carter v. City of St. Petersburg*, 319 So. 2d 602, 604 (Fla. Dist. Ct. App. 1975); *Tabor v. McNesby*, No. 3:07CV174-RS-MD, 2007 WL 9736175, at *6 (N.D. Fla. June 6, 2007).

3

lawyer, Ms. Davy, lied to him and that Judge Iten -- although not named a Defendant in the caption of the complaint -- forced him into accepting a plea deal.[6] *Id.* at PageID 8.

Initially, before addressing the merits of Plaintiff's claims, the undersigned questions whether this Court in the Southern District of Ohio possesses personal jurisdiction over Defendants – all Florida residents – in this action. A court may properly dismiss an action based on an affirmative defense such as the lack of personal jurisdiction under § 1915 in appropriate circumstances. *Cf. Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (affirming *sua sponte* dismissal of claims under § 1915 where barred by an affirmative defense); *Day v. E.I. Du Pont de Nemours & Co.*, 165 F.3d 27 (6th Cir. 1998) ("a *sua sponte* dismissal of an in forma pauperis complaint is appropriate where the complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face"); *see also Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (holding that a court can *sua sponte* dismiss an action under §1915 where personal jurisdiction is lacking).

"In a diversity case, a plaintiff must satisfy the state-law requirements for personal jurisdiction." *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012). "[I]n order for an Ohio court to have jurisdiction over a non-resident defendant, the defendant must be (1) subject to long-arm jurisdiction under one of the enumerated bases of jurisdiction in Ohio's long-arm statute and (2) jurisdiction must accord with Due Process." *Conn v. Zakharov*, 667 F.3d 705, 713 (6th Cir.

---

[6] Insofar as Plaintiff purports to assert civil rights claims against the state of Florida, Judge Iten, or prosecuting attorney Hillary Ellis under 42 U.S.C. §1983, such claims appear barred by the Eleventh Amendment, absolute judicial immunity, or prosecutorial immunity. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (concluding that Florida has not waived Eleventh Amendment sovereign immunity for claims asserted against it under § 1983); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) ("It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages"); *Huber v. Ohio*, 920 F. Supp. 2d 858, 860 (S.D. Ohio 2012) ("A prosecutor, acting as an advocate for the State, is absolutely immune from liability in § 1983 suits").

4

2012). Thus, "if jurisdiction is not proper under Ohio's long-arm statute there is no need to perform a Due Process analysis because jurisdiction over the defendant cannot be found." *Id*.

Ohio's long-arm statute provides that Ohio courts can exercise personal jurisdiction over someone if the action arises from that person:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;

(8) Having an interest in, using, or possessing real property in this state; [or]

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

Ohio Rev. Code § 2307.382(A). In addition, "specific jurisdiction under the statute requires that the injury arise out of the contacts with Ohio." *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006) (citing Ohio Rev. Code § 2307.382(C)). Accordingly, where the "suit is not related to any

of [Defendants'] contacts with Ohio, [Defendants are] not subject to long-arm jurisdiction under Ohio's long-arm statute."  Conn, 667 F.3d at 713.

Here, Defendants all appear to be Florida residents who work in Florida.  *See* doc. 1-1 at PageID 5.  Each Defendant's alleged conduct underlying Plaintiff's purported claims -- *e.g.*, the initial stop and subsequent search, arrest, towing, criminal charge, conviction, and sentencing -- also all took place in Florida.  *See id*. at PageID 10-12.  Further, Plaintiff's alleged injury was suffered in Florida, as well.  *See Simmons v. Budde*, 38 N.E.3d 960, 965 (Ohio Ct. App. 2015) ("[I]njury is not considered to have occurred in Ohio simply because a party continues to suffer from the effects of the injury after returning to Ohio") (citation omitted).  Accordingly, none of the provisions of Ohio Rev. Code § 2307.382(A) apply here and, even if they did, it is clear from the face of the complaint - and the averments in Plaintiff's affidavit filed in support thereof - that this action is not related in any way to any Defendant's contact with Ohio.  As a result, personal jurisdiction over the Defendants is lacking and, therefore, the case should be dismissed.

## III.

Based on the foregoing, the undersigned **RECOMMENDS** that: (1) this case be **DISMISSED WITHOUT PREJUDICE**; (2) the Court **ORDER** that service of process not issue; and (3) this case be **TERMINATED** on the Court's docket.


Date:  March 23, 2020                    s/ Michael J. Newman
                                                                      Michael J. Newman
                                                                        United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).